## ROSS v. GRIMES.

No. 32894.   Nov. 18, 1947.

*186 P. 2d 809.*

Edward Earley and A. T. Earley, both of Oklahoma City, for plaintiff in error.

Embry, Johnson, Crowe, Tolbert & Shelton and C. Harold Thweatt, all of Oklahoma City, for defendant in error.

PER CURIAM. This is an action for the recovery of damages because of an alleged breach of an oral contract for the sale of personal property.

The action was originally brought in a justice of the peace court in Oklahoma City. Plaintiff in his bill of particulars, in substance, alleges that on

the 24th day of October, 1945, plaintiff entered into an agreement with defendant whereby he bought from him a grocery store and certain equipment in which was included a meat grinder which he was to have free and clear of any liens; that the meat grinder was not then in the store in possession of defendant but defendant represented to him that he had ordered the meat grinder and that it was then in transit and that upon its arrival he was to receive the same free and clear of any cost to him; that after the purchase had been completed the meat grinder was delivered at the store but that instead of being free and clear of any charges as represented by defendant there was a balance due of $110 on the grinder; that the seller of the grinder demanded payment of him and threatened to repossess the grinder unless the payment was made; that he thereupon agreed and bound himself to pay the balance due on the grinder. Plaintiff prayed judgment against defendant for $110 and cost of suit.

The trial in that court resulted in a judgment in favor of plaintiff. Defendant appealed to the court of common pleas of Oklahoma county where on trial de novo by a jury plaintiff again prevailed.

Defendant has appealed to this court and relies for reversal upon the following assignments: Error of the court in admitting incompetent evidence; error of the court in denying his request for directed verdict.

The evidence on behalf of plaintiff as testified to by him shows that on the 24th day of October, 1945, he entered into an oral contract with defendant for the purchase of a stock of groceries and certain fixtures, furniture and other equipment; that there was at that time included in the store an old meat grinder which he was advised by defendant he did not own and could not be included in the sale, but that he had ordered a new meat grinder which he was substituting in the place of the old grinder and which would be included in the sale, but that the new meat grinder was then in transit and upon its arrival would be delivered to him free of cost; that the agreed purchase price was $3,750; that after the sale was consummated and the purchase price fully paid, and after having obtained possession, he discovered that the meat grinder had been ordered from the Hobart Mfg. Company under a conditional sales contract, and that there was still due a balance of $110 on the grinder; that he then called the matter to the attention of defendant and defendant stated that upon the arrival of the grinder he would pay the balance due thereon; that when the grinder arrived he again called the matter to the attention of defendant, but defendant refused to pay the balance due; that payment was then demanded from him by the Hobart Mfg. Company and the company threatened to dispossess him of the grinder unless payment was made; that he thereupon agreed and bound himself to pay to the Hobart Mfg. Company the balance due on the grinder.

Defendant in his testimony admitted that the new grinder was to be included in the sale. He, however, testified that the agreement was that in addition to the $3,750 paid by plaintiff, he agreed upon the arrival of the grinder to pay the balance due thereon. He testified that prior to the time the sale was consummated he advised plaintiff that the purchase price of the grinder had not been fully paid; that he had paid $27.50 thereon but there remained due the sum of $110 which plaintiff agreed to pay upon the arrival of the grinder. He denied that he had ever at any time agreed with the plaintiff to pay the balance due thereon.

The evidence further shows that after the sale had been fully consummated and plaintiff had paid the entire purchase price thereof as agreed, a bill of sale was executed which in detail described the articles of equipment purported to have been sold but the meat

grinder was not described or mentioned therein. Mr. Gaddis, a real estate agent, who conducted the negotiations leading up to the sale testified that he prepared the bill of sale; that the new meat grinder was included in the sale; that the items of equipment described in the bill of sale were taken from an old bill of sale furnished him by the defendant and which defendant had acquired at the time he purchased the property; that the reason the new meat grinder was not included therein was because it was not then in the store and he had no data from which it could be described.

All of the evidence tending to prove that the new meat grinder was included among the articles of equipment purchased for the purchase price of $3,750 were admitted over the objection and exception of defendant. The objection was predicated on the theory that such evidence tended to vary and add to the terms of the written bill of sale; that such evidence should have been excluded and that the evidence was therefore insufficient upon which to submit the case to the jury.

This contention would be correct if the bill of sale had purported to express the entire agreement between the parties and had it been executed prior to the time the contract was fully performed on the part of plaintiff and had constituted the contract upon which the sale was consummated. Such, however, is not the case. The bill of sale does not purport to express the entire agreement between the parties nor does it constitute the contract upon which the sale was consummated. It is apparent that it was not the intent and purpose of the parties in executing the bill of sale to put in writing the agreement of the parties, but rather for the purpose of showing a transfer of title and in part execution of the prior oral agreement. It is conceded that the contract of sale rested in parol. The evidence shows that the bill of sale was not executed until the sale had been consummated and the entire purchase price paid by plaintiff. In these circumstances it cannot be said that the bill of sale subsequently executed superseded the prior consummated oral contract of sale. In vol. 20 Am. Jur. p. 969, §1106, it is said:

"There may be writings relating to the contract between the parties which do not embody the contract itself. In such a case, where the contract rests upon an oral agreement, parol evidence is admissible as to the terms of the contract notwithstanding the writings. . . .

"Where the agreement is not reduced to writing but is intended by the parties to rest in parol, the written instrument being subsequently executed in part execution of the parol agreement, and not for the purpose of putting that agreement in writing, it is well settled that an instrument thus executed does not supersede a prior parol agreement."

The same rule is announced in vol. 10 R.C.L. p. 1019, §211; and in 20 Am. Jur. p. 989, §1135, it is said:

"It has been stated that the parol evidence rule is not applicable to instruments which from their very nature do not attempt to state the entire agreement in respect of the subject matter, but are adapted merely to transfer title in execution of an agreement they do no profess to show."

Under the above authorities and for the reasons herein stated, the trial court properly admitted the challenged evidence.

The only issue of fact between the parties is as to whether the new meat grinder was included in the sale for the agreed purchase price of $3,750 or whether plaintiff was to pay in addition thereto the sum of $110, the balance due on the meat grinder upon its arrival. This issue was fully and fairly submitted to the jury under proper instructions. It found in favor of plaintiff and returned a verdict accordingly. The trial court properly entered judgment thereon in favor of plaintiff.

Plaintiff requested that judgment be entered by this court on the supersedeas bond. It appears from an examination

406

of the case-made that defendant has given the supersedeas bond in the sum of $220, signed by himself as principal and A. B. Webster as surety, whereby they bound themselves to pay the condemnation money and costs in case the judgment or final order entered against them be affirmed in whole or in part.

It is therefore ordered and adjudged that plaintiff George W. Grimes have and recover from defendant Harry Ross and A. B. Webster, surety, the sum of $110, with interest thereon at the rate of 6 per cent per annum from the 21st day of May, 1946, and costs of suit.

Judgment affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, BAYLESS, CORN, GIBSON, and ARNOLD, JJ., concur.